IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV189

| | | |
|---|---|---|
| CHESTER A. YATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court upon Defendant's Motion for Judgment on the Pleadings. The *pro se* Plaintiff has filed a Response and the Defendant has filed its Reply. Accordingly, this matter is ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff originally filed his Complaint in state court alleging state law claims of breach of contract and wrongful discharge. Defendant timely removed the case to this Court. Plaintiff was an insurance agent with the Defendant and his Complaint references a contract which Defendant has attached to its Answer. The Agent's Contract explicitly provides at paragraph J(8) that Plaintiff Yates was acting as an independent contractor:

> **Independent Contractor**. Agent is an independent contractor and not an employee. None of the terms of this Contract shall be construed as creating an employer-employee relationship between Company and Agent and Agent shall be free to exercise Agent's own judgment as to the persons from whom Agent will solicit and the time, place and matter, and amount of such solicitation.

(Doc. No. 2-1, Answer; Exhibit A, p. 6).

With respect to termination, either party to the contract had the right to terminate the

1

contract, with or without cause, by written notice to the other party pursuant to paragraph H(1):

> **With Notice.** Company or Agent shall have the right at any time to terminate this Contract, with or without cause, by written notice to the other party.

(*Id.* at p. 4) On November 7, 2019, pursuant to paragraph H(1) of the Agent's Contract, Mutual of Omaha provided written notice to Plaintiff Yates that it was terminating the Agent's Contract. (Doc. No. 2-2, Answer; Exhibit B).

**DISCUSSION**

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Rule 12(c) is distinct from a Rule 12(b)(6) motion to dismiss but "the distinction is one without a difference" because federal courts apply "the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." *Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). In so doing, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under the *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." 550 U.S. at 570. Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether

they plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

While courts must liberally construe *pro se* complaints, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may be properly addressed."). "Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Justice v. Dimon*, No. 3:10CV413, 2011 WL 2183146, at *4 (W.D.N.C. June 6, 2011) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). "In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice." *Id.*

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Sons of Confederate Veterans v. City of Lexington*, 722 F.3d 224, 228 (4th Cir. 2013). The court must not "accept as true a legal conclusion couched as a factual allegation." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

Plaintiff appears to allege a breach of contract claim involving the termination. The elements of a breach of contract claim are a valid contract and a breach of the terms of that contract. *See Poor v. Hill*, 530 S.E. 2d 838, 843 (N.C. Ct. App. 2000). However, the contract at issue provides that either party to the contract has the right to terminate the contract,

3

with or without cause, by written notice to the other party. On November 7, 2019, pursuant to paragraph H(1) of the Agent's Contract, Mutual of Omaha provided written notice to Plaintiff Yates that it was terminating Agent's Contract. As a matter of law, Plaintiff cannot meet the elements of a breach of contract claim and this claim must be dismissed.

Plaintiff's second claim is for "Discriminatory Wrongful Contract Termination." (Compl. ¶ 4A). It appears that Plaintiff is attempting to assert a claim for wrongful discharge. This claim must fail because, as stated above, Plaintiff was not an employee of the Defendant. However, even if he was, "[t]he discharge of an employee at will generally does not support an action for wrongful discharge" in North Carolina. *Considine v. Compass Grp. USA, Inc*., 551 S.E. 2d 179, 181 (N.C. Ct. App. 2001). North Carolina recognizes an exception to the at-will employment doctrine that "applies when the employee was terminated for reasons that would violate the public policy of [the] State." *Gillis v. Montgomery Cty. Sheriff's Dep't*., 663 S.E.2d 447, 450 (N.C. Ct. App. 2008). Such claims "must be plead with specificity." *Id.* at 449. Plaintiff's complaint fails to cite any specific North Carolina public policy, either statutory or constitutional, as a basis for his wrongful discharge claim. To properly state a claim, Plaintiff is required to identify a "specific expression of North Carolina public policy" that is violated by their termination. *See Considine*, 551 S.E.2d at 184; *see also Gillis*, 63 S.E.2d at 450 (dismissing a wrongful termination in violation of public policy claim because it failed to allege the violation of an "explicit statutory or constitutional provision.").

In his response to Defendant's Motion, Plaintiff states for the first time that he was discriminated against because of his age. Plaintiff's attempt at raising an age discrimination claim is based on nothing more than labels and conclusory statements such as, "I was terminated because of my age;" "[t]his is age discrimination;" and simply "Age discrimination!" (Doc. No.

4

9, p. 1). As with his Complaint, Plaintiff's opposition filing fails to identify the necessary factual allegations to make out a claim for age discrimination. Instead, Plaintiff simply alleges "age discrimination" with nothing more. The mere label of a claim for "age discrimination" will not suffice, even under the typical liberal construction afforded to a *pro se* litigant.

Even if Plaintiff *had* plead a potential claim for age discrimination, his claim would fail because, as noted above, he was not an employee of the Defendant. "A plain reading of the ADEA indicates that an 'individual' only has a cause of action under this provision if he is an 'employee' at the time of his termination. *See Garrett v. Phillips Mills, Inc.*, 721 F.2d 979, 980 (4th Cir. 1983) (holding that plaintiff's age discrimination claim was barred because of his status as an "independent contractor"). Plaintiff states in his opposition brief that he "was treated more like an employee than a contractor." (Doc. No. 9, p. 1). Yet, in the very next sentence, Plaintiff acknowledges that he executed a contract in which he was an independent contractor. The language of the contract is clear. Thus, the parties did not intend for an employer/employee relationship to exist. *See Robb v. United States*, 80 F.3d 884, 893 (4th Cir. 1996 ) ("we cannot ignore the clear expression of intent….to establish an independent contractor relationship."). The Court finds that Plaintiff has failed to plead a claim for wrongful discharge in violation of public policy.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings is hereby GRANTED.

Signed: July 20, 2020

Graham C. Mullen
United States District Judge