IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV189

| CHESTER A. YATES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

This matter is before the Court upon remand from the Fourth Circuit Court of Appeals directing this Court to address the *pro se* Plaintiff's claims of management harassment and intimidation and his allegations regarding theft of renewals and clients. At the Court's direction, the Defendant filed a supplemental brief addressing these issues. The Plaintiff has responded and the Defendant has submitted a Reply. Accordingly, this matter is ripe for disposition.

I. **FACTUAL BACKGROUND**

The Court's Order of July 21, 2020 addressed Defendant's Motion for Judgment on the Pleadings as to Plaintiff's claims for breach of contract and wrongful discharge. (Doc. No. 11). This Order will address only the remaining issues of "management harassment and intimidation" and theft of renewals and clients as directed by the Fourth Circuit. As the Court held in its previous Order, the Agent's Contract explicitly provides at paragraph J(8) that Plaintiff Yates was acting as an independent contractor, not an employee. (Doc. No. 2-1, Answer; Exhibit A, p. 6). Moreover, either party to the contract had the right to terminate the contract, with or without cause, by written notice to the other party. (*Id.* at p. 4).

1

## II. DISCUSSION

### A. Standard of Review

The proper standard of review was stated in the Court's previous Order, but several things bear repeating. In considering Defendant's motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under the *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." 550 U.S. at 570.

While courts must liberally construe *pro se* complaints, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Justice v. Dimon*, No. 3:10CV413, 2011 WL 2183146, at *4 (W.D.N.C. June 6, 2011) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). "In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice." *Id.*

### B. Management Harassment and Intimidation

On the issue of harassment and intimidation, Plaintiff's Complaint is limited to the following label: "Management Harassment & Intimidation," without any factual allegations in support. Plaintiff's supplemental brief purports to elaborate on his claim, however, even if the

Court were to consider the supplemental brief as an amended complaint, the claim still falls short.

Plaintiff's five-page opposition filing fails to cite any legal basis in support of the claim for management harassment and intimidation. (Doc. No. 24). No attempt was made to provide any legal justification for the claim. Instead, Plaintiff simply argues that he expected to be able to provide "my evidence" at a trial. As a matter of law, Plaintiff's Complaint fails to allege any statutory or common law basis to allow the claim for management harassment and intimidation to survive a motion to dismiss.

Even if Plaintiff had provided a legal basis for the claim of harassment, such as a claim under Title VII of the Civil Rights Act of 1964, the claim fails because, based on the undisputed facts, Plaintiff was an independent contractor. Independent contractors, like Plaintiff Yates, are not entitled to pursue harassment claims under Title VII. *See Cilecek v. Inova Health System Services,* 115 F.3d 256, 259 (4th Cir. 1997).

**C. Theft of Renewals**

As an independent contractor, Plaintiff's compensation, including renewals, was established by written contract. (Doc. No. 9, p. 1; Doc. No. 2-1, Answer; Exhibit A, pp. 1-2). Pursuant to the contract, Defendant is only obligated to pay compensation while the contract is in effect. (Doc. No. 2-1, Answer; Exhibit A, p. 2). Plaintiff admits that either party to the contract has the right to terminate the contract, with or without cause, by written notice to the other party. (Doc. 9, p. 1). Plaintiff further admits that any renewal payments were not yet vested. (Doc. 1-1, Complaint, ¶ 4 ("I was about a year or so from being vested in my renewals also deferred compensation was taken")).

Plaintiff's claim for "theft" of renewal payments is nothing more than a contractual dispute. To claim renewal payments, Plaintiff would be required to do so pursuant to breach of contract claim. In this case, it is undisputed that Defendant properly terminated the contract. Plaintiff's breach of contract claim was previously dismissed. As such, Plaintiff does not have a claim for relief involving contractual renewal payments.

### D. Theft of Clients

Plaintiff makes clear in his opposition filing that his Complaint involves "client information," not "theft of clients." (Doc. No. 24, p. 4). Specifically, Plaintiff argues the following: "[T]he client information that I am required by law of the insurance department to keep for 5 years was taken from me because they would not allow me to take anything with me. . . . When they let me go, they took all my personal notes and files that were mine." (*Id.* at pp. 4-5).

The agent's contract herein states as follows:

> **"Proprietary Material"** consists of all complete or partial copies of sales and rate information; computer software and related documentation; management and accounting records and documentation; business plans and operating strategies; Product information; Client and prospect information, including policy expirations; and other information and/or property which relates to Clients or the business of Company.

(Doc. No. 2-1, Answer; Exhibit A, p. 1).

> **Client Information**. Company owns all policy expirations and other information which relate to Clients, whether provided to or obtained by Agent. In addition, Company owns all leads and other information which relate to prospects provided to Agent by Company.

(*Id.* at p. 3).

Pursuant to the contract, all client information is the property of the Defendant, and Plaintiff was required to return any Proprietary Material upon termination of the Contract.

Defendant exercised its right of termination under the contract, and as a matter of law any claim involving the retention of client information by Defendant fails.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings as to Plaintiff's claims for "management harassment and intimidation" and theft of renewals and clients is hereby GRANTED.

Signed: June 1, 2021

Graham C. Mullen
United States District Judge